# CV-10 3609

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 05 2010 ★

LONG ISLAND OFFICE

**VALLI KANE & VAGNINI, LLP**
*Attorneys for Plaintiff*
**600 OLD COUNTRY ROAD**
**GARDEN CITY, NY 11530**
**(516) 203-7180**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

**MOHAMMED M. AHMED;**

**Plaintiff,**

v.

**T.J. MAXX CORP. and**
**TJX COMPANIES INC.;**

**Defendants.**

-----------------------------------------------------------

SPATT, J.

**COMPLAINT**

BOYLE, M.

Plaintiff, Mohammed M. Ahmed ("Ahmed") by and through his attorneys at Valli Kane & Vagnini LLP, brings this action for damages and other legal and equitable relief from the Defendants' violation of Wage and Hour laws and those laws proscribing retaliation for complaining about such violations, stating the following as Plaintiff's claims against T.J. Maxx Corp. and its parent company TJX Companies Inc. ("TJX"), (collectively "Defendants"):

## INTRODUCTION

1. This is an action brought by Plaintiff challenging acts committed by Defendants amounting to violations of Federal and State wage and hour law as well as the laws prohibiting retaliation for complaints relating to those statutes. Defendants' acts of retaliation are in violation of New York State Labor Law § 215, et seq.; and the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

-1-

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

3.   The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4.   Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), in as much as this judicial district lies in a State in which the unlawful employment practices occurred.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

5.   Plaintiff Mohammed M. Ahmed is the person who has been aggrieved by Defendants' actions. He is and has been, at all relevant times, a male citizen of the United States and a resident of the State of New York.

6.   Defendant T.J. Maxx Corp. ("TJ Maxx") is a private corporation with headquarters located in Massachusetts and local offices located at 3221 Long Beach Road, Oceanside, NY

11572. Upon information and belief T.J. Maxx is a Massachusetts corporation licensed to do business within New York State.

7.    Defendant TJX Companies Inc. ("TJX") is a private corporation with headquarters located in Massachusetts and local offices located at 3221 Long Beach Road, Oceanside, NY 11572. Upon information and belief TJX Companies Inc. is a Massachusetts corporation licensed to do business within New York State.

## FLSA COLLECTIVE ACTION CLAIMS

8.    Plaintiff brings Count I, as set forth below, as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b) on behalf of all Assistant Managers of Defendants TJ Maxx and TJX ("Collective Plaintiffs").

9.  Plaintiff defines the FLSA Collective Class as follows:

> All Assistant Managers working for Defendants T.J. Maxx Corp. and TJX Companies Inc. three years prior to the date of filing, who have been subject to Defendants T.J. Maxx Corp. and TJX Companies Inc.'s policies of requiring Assistant Managers to perform the duties of hourly employees without proper compensation of overtime required by the FLSA.

10.  During the time in question, Plaintiff has been similarly situated to all Assistant Managers of TJ Maxx Corp. and TJX Companies Inc. and has been subjected to illegal terms and conditions of employment, including failure and refusal to compensate Plaintiff and all similarly situated Assistant Managers for overtime hours worked during their employ with Defendants TJ Maxx and TJX.

-3-

11. Plaintiff's claims under the FLSA herein are essentially the same as those of all Assistant Managers in Defendants' employ in that it is Defendants' policy to require Assistant Managers as their primary duty to perform the duties of hourly employees without proper compensation of overtime pay.

12. The Collective Plaintiffs under Plaintiff's FLSA claim are readily discernable and ascertainable. All Collective Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be offered by first class mailings to the last known address in Defendants' possession as well as postings within the stores where these individuals are employed.

13. All questions relating to Defendants' violation of the FLSA share the common factual basis with the Plaintiff. No claims under the FLSA relating to the failure to compensate for overtime are specific to Plaintiff and the claims are typical of the violations of the FLSA perpetrated by Defendants.

14. Plaintiff will fairly and adequately represent the interests of the collective class and has no interests conflicting with the class.

15. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

16. Plaintiff's attorneys are familiar and experienced with collective class action litigation as well as employment and labor law litigation.

17.   The public benefits from the case being brought as a collective action as it saves the Court's time and efforts by reducing the multitude of claims to a single litigation.  Prosecution of separate actions by individual Collective Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

18.   The questions of law and fact are nearly identical for all Collective Plaintiffs and therefore proceeding as a collective action is ideal.  Without this method, continued violations of the FLSA will undoubtedly continue.

## FRCP RULE 23 CLASS ACTION--NEW YORK STATE CLAIMS

19.   Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as those who are similarly situated, who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law.

20.   Under F.R.C.P. 23(b)(3) Plaintiffs must plead that the class:

a.   Is so numerous that joinder is impracticable;

b.   There are questions of law or fact common to the class which predominate any individual questions of law or fact;

c.   Claims or defenses of the representative are typical of the class;

d.   The representative will fairly and adequately protect the class; and,

e.   A class action is superior to other methods of adjudication.

21.   The Class which Plaintiffs seek to define includes:

All Assistant Managers working for Defendants T.J. Maxx
Corp. and TJX Companies Inc. six years prior to the date of
filing, who have been subject to Defendants' policies of
requiring Assistant Managers to perform the duties of
hourly employees without proper compensation of overtime
required by New York State Labor Law ("Class
Plaintiffs").

Numerosity

22.   The number of class members protected by the New York State Labor Law and who
have suffered under Defendants' violation of the labor law, as set forth herein, are too numerous
to join in a single action, necessitating class recognition.   Upon information and belief,
Defendants employee several Assistant Managers at each store and have at least forty-nine stores
in New York State carrying the name "TJ Maxx" and numerous others under subsidiaries which
are owned and operated by Defendant TJX.

Common Questions of Law and/or Fact

23.   There are questions of law/fact that govern over the claims which are available to
each and every Class Plaintiff, including but not limited to the following:

   a.   Whether Class Plaintiffs were scheduled to work and/or required to work more
than forty hours in a work week;

   b.   Whether Class Plaintiffs were compensated for overtime pay pursuant to
Defendants' policies;

   c.   Whether Defendants failed to pay Class Plaintiffs for the hours worked in excess
of forty hours;

   d.   Whether Defendants kept accurate records of hours worked by Class Plaintiffs;
and,

   e.   Whether Defendants have any affirmative defenses for any of these claims.

-6-

<u>Typicality of Claims and/or Defenses</u>

24.    Plaintiff was employed by Defendants in the same capacity as all Assistant Managers within Defendant TJX's operations.  Plaintiff was regularly required to work in excess of forty hours in a week.  This was true for all other Assistant Managers.

25.    This common treatment included, but is not limited to, failure to pay employees the proper overtime wages

<u>Adequacy</u>

26.    The representative party is no longer employed by Defendants as he has been terminated.  Plaintiff would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein.  Additionally, Plaintiff's attorney has substantial experience in this field of law.

<u>Superiority</u>

27.    Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.  Plaintiff has no facts relating to the class claims that are atypical from those of the class.   Upon information and belief, Plaintiff was treated identically to other employees aside from his individual claim for retaliation.

28.    Indeed, because Plaintiff is no longer employed by Defendants he will be able to further represent Class Plaintiffs by acting without fear of further retaliation and harassment.  Thus, this means of protecting all of Class Plaintiffs' rights is superior to any other method.

29.    As and for the Collective Action claims brought pursuant to 29 U.S.C.S. § 216(b), Plaintiff asserts that he was treated in a similar or identical fashion to those individuals currently and formerly employed by Defendants.

## PLAINTIFF AHMED'S INDIVIDUAL CLAIMS

30.   Mr. Ahmed is a 48 year old male.

31.   Mr. Ahmed was hired by Defendants in or around October 17, 2008 as an Assistant Manager.  He dedicated a significant period of his life to his store located at 3221 Long Beach Road Oceanside, New York.  Mr. Ahmed worked between 60 and 70 hours per week.  He was often required to work six days per week.  He never received overtime wages for working in excess of 40 hours per week.

32.   Further, Defendants showed a complete disregard for Mr. Ahmed's safety.  At one point Plaintiff opened the truck to unload it and the boxes fell on top of him.  He was out of work for two weeks due to his injury.  When he returned Defendants had used all of his sick days to compensate him for his time off.  Upon returning the first thing he was told was that he had to unload the truck.

33.   If any employee wanted to call in sick they were frightened that they would be terminated for being sick.  Even when Mr. Ahmed felt as if he would vomit, he could not use his accumulated sick days to leave and recuperate.

34.   On a near daily basis, the store manager asked and expected Mr. Ahmed to perform tasks including cleaning the store, cleaning the bathrooms, unloading the delivery trucks three time per week, stocking the store shelves, and running the register.

35.   When Mr. Ahmed requested from the store manager to have his hours reduced, the store manager refused to make any changes.

36.   Mr. Ahmed asked the store manager on multiple occasions for overtime wages, but the store manager refused.

-8-

37.   In response to Mr. Ahmed's complaints about not being properly compensated for working overtime, Defendants retaliated against him.

38.   Mr. Ahmed was first written up for the first time shortly after he complained about this illegal practice.   There was no basis for the write up and when Mr. Ahmed asked for an explanation, none was given.

39.   Two other unjustified write-ups followed soon after.   The basis of these writeups was fabricated and further, Mr. Ahmed was not even responsible for the deficiencies of which he was accused.

40.   In or about July 4, 2010, in retaliation for Mr. Ahmed's opposition to the unlawful labor practices, the store manager terminated Mr. Ahmed.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

41.   From the onset and throughout his employment, Defendants scheduled Mr. Ahmed to work fifty hours per week.   This was standard practice for Defendant TJX stores.   Contrary to his schedule which stated that Mr. Ahmed worked fifty hours per week, he was often required to work additional shifts, stay late or come in early.

42.   Mr. Ahmed's duties were largely unrelated to the management of the store.   He spent a majority of his time cleaning, stocking and running the cash register.   Further, the few duties he had in the back of the store consisted almost entirely of providing change for the cash registers.

43.   Upon information and belief, well over fifty percent of all of Defendants' Assistant Managers' time was spent doing duties such as cashiering, stocking shelves, cleaning bathrooms, cleaning the store, and unloading trucks.

44.   Rather than increase staff or grant overtime to hourly employees in order to assure the proper functioning of a store, upper management required Assistant Managers to work longer hours and fulfill tasks expected of hourly employees.

45.   As a result, Assistant Managers began working an excessive amount of overtime hours in order to perform the duties of hourly positions such as cashier, stock handler, and cleaning staff.  Plaintiff and other similarly situated Assistant Managers were required to work up to seventy hours a week and/or six days each week.

46.   Mr. Ahmed was assigned additional duties outside the scope of his responsibilities as an Assistant Manager.  These acts were performed on company time and were not compensated through the legally required overtime wages.

47.   This type of forced overtime without pay is common-place within Defendants TJ Maxx and TJX.  The potential class/collective Plaintiffs have and continue to work overtime hours without statutorily required compensation.

48.   In order to effectuate this scheme and practice, upper management dissuaded employees from asking questions about overtime pay, including Mr. Ahmed and many individuals in the same or similar situation to Mr. Ahmed.

## CAUSES OF ACTION

### As and for a First Cause of Action for Violation of
### Fair Labor Standards Act

49.   The conduct alleged herein violates the Fair Labor Standards Act as Defendants have failed to compensate Plaintiff for overtime hours worked.

50.   Plaintiff's requests for relief are set forth below.

### As and for a Second Cause of Action for Violation of
### New York State Labor Law

51.    The conduct alleged herein violates the New York State Labor Law as Defendants

have failed to compensate Plaintiff for overtime hours worked and retaliated against Plaintiff

after he spoke out against violations of the New York State Labor Law.

52.    As a prerequisite, Plaintiff has filed notice with the New York Attorney General.

53.    Plaintiff's requests for relief are set forth below.


### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1.    All damages which Plaintiff and the class have sustained as a result of Defendants'

conduct, including back pay, general and special damages for lost compensation and job benefits

he would have received but for Defendants' discriminatory and unlawful practices, and for

emotional distress, humiliation, embarrassment, and anguish;

2.    Front pay to Plaintiff until such time as he can be placed in the same position he

would now occupy but for Defendants' practices;

3.    Exemplary and punitive damages in an amount commensurate with Defendants'

ability and so as to deter future malicious, reckless and/or intentional conduct;

4.    Awarding Plaintiff and the class their costs and disbursements incurred in connection

with this action, including reasonable attorneys' fees, expert witness fees and other costs;

5.    Pre-judgment and post-judgment interest, as provided by law; and

6.    Granting Plaintiff and/or the class other and further relief as this Court finds

necessary and proper.

Dated:      8/3/10

                                        Respectfully submitted,

                                        Valli Kane & Vagnini, LLP
                                        Attorneys for Plaintiff
                                        600 Old Country Road, Suite 207
                                        Garden City, New York 11530
                                        (516) 203-7180
                                        (516) 706-0248 (fax)

                                        By: _____
                                        James Vagnini (JV - 2163)
                                        Jesse C. Rose (JR - 2409)

To:      The TJX Companies, Inc.
         770 Cochituate Road
         Framingham, MA 01701

         TJ Maxx Corp.
         770 Cochituate Road
         Framingham, MA 01701

                              -12-