UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOHAMMED M. AHMED,

    Plaintiff,

-against-

T.J. MAXX CORP., and
TJX COMPANIES, INC.,

    Defendant.

Civil Action No. 10-CV-3609 (ADS) (ETB)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(A)**

---

LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
The TJX Companies, Inc.
290 Broadhollow Road, Suite 305
Melville, New York 11747
631.247.4700

John T. Bauer, Esq.
Justin Marino, Esq.

**I. PRELIMINARY STATEMENT**

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Transfer (hereinafter "Plaintiff's Opposition" or "Pl. Opp.") does not provide a credible argument in opposition to transfer. Instead, Plaintiff seeks to divert the Court's attention from the irrefutable facts warranting the transfer: the instant case and the two cases currently pending in the Southern District of New York share the same defendant (The TJX Companies, Inc.), same position alleged to be misclassified (Assistant Store Managers), same allegation (failure to pay overtime), and same claims (FLSA Collective Action and FRCP Rule 23 Class Action).

The primary issue on this motion is whether transfer promotes the interests of justice, trial efficiency and conservation of judicial resources, where the Honorable Loretta A. Preska's and Magistrate Judge Gorenstein's involvement in two nearly identical cases afford them with knowledge of the legal issues, claims asserted, and facts involved in this case. Incredibly, Plaintiff devotes just two sentences towards this point (see Pl. Opp., pgs. 5-6) – presumably because there is no case law that would find the interests of justice are not promoted by a transfer to the Southern District.

Under Plaintiff's analysis, 28 U.S.C. § 1404(a) could virtually never result in the transfer of venue, as Plaintiff asserts that such transfer would "strip the Plaintiff of his right to choose the forum," Pl. Opp., pg. 7, and would "give no credence to the Plaintiff's choice of venue," Pl. Opp., pg. 2. Plaintiff's choice of venue, however, is not iron-clad, but may be changed "in the interest[s] of justice," as is required in the instant case. See 28 U.S.C. § 1404(a).

## II.  ARGUMENT

**A.  Plaintiff Cites No Binding – Or Even Persuasive – Authority Rebutting Defendant's Arguments**

Plaintiff's arguments are largely unsupported, as Plaintiff cites only three cases not included in Defendant's motion papers, leaving most of his arguments unsupported by legal authority.  Two of the three cases cited by Plaintiff simply support the standard for transferring venue (which is substantively identical to the standard cited by Defendant), and the third case, *Friedland v. Holiday Inns, Inc.*, is inapposite to the instant case.  No. 88 Civ. 7857 (PKL), 1989 U.S. Dist. LEXIS 10252, (S.D.N.Y. Aug. 30, 1989).  All of Plaintiff's remaining citations are to cases cited by Defendant, and Plaintiff either misstates the facts or holdings of the cases, or attempts to distinguish the cases based on matters that are entirely irrelevant to the proposition for which they were cited.

**1.  The Only Case Cited By Plaintiff In Support Of His Argument Is Inapplicable To the Instant Motion And, Thus, Should Be Disregarded**

Plaintiff quotes *Friedland v. Holiday Inns, Inc.*, No. 88 Civ. 7857 (PKL), 1989 U.S. Dist. LEXIS 10252, at *3, in support of his argument.  *See* Pl. Opp., pgs. 6-7.  The *Friedland* case, however, has no bearing on the instant case because the facts in *Friedland* are materially distinguishable and a close review of *Friedland* reveals that Plaintiff misquotes the case.

In *Friedland*, the Court addressed a motion to transfer a *single-plaintiff* personal injury action from the Southern District's Manhattan division to the Court's White Plain's division.  *Id.* at *1.  In refusing the transfer, the Court found that "considerations of judicial economy and efficiency clearly militate against transfer" where the case was "nine months old and rapidly approaching trial ready status."  *Id.* at *5-6.  Unlike *Friedland*, Defendant seeks

transfer of the instant case contemporaneous with its Answer and before any discovery has taken place.

Another critical distinction is that *Friedland* involved a single plaintiff action rather than the pending class and collective action. *See* Def. Memo., pgs. 7-9. Indeed, the Court's own words, merely two sentences after the sentence quoted by Plaintiff, recognize the importance of this distinction: "[w]here, however, the operative facts upon which the litigation is brought bear little material connection to the chosen forum, plaintiff's choice of forum is given reduced significance." *Friedland*, No. 88 Civ. 7857 (PKL), 1989 U.S. Dist. LEXIS 10252, at *3. Here, Plaintiff seeks to bring wage and hour claims on behalf of a nationwide class of assistant managers based on an alleged "national policy that Defendants [sic] utilized . . . ." Pl. Opp., pg. 1. This alleged "national policy" is – by its own words – national and, thus, has little material connection to the chosen forum. Moreover, whatever connection to the chosen forum exists is rendered immaterial by the close proximity between the two District Courts. This point is highlighted by the arguments Plaintiff asserted, including that "[t]he Eastern District is home to two of the largest airports in the state." Pl. Opp., pg. 7. Referencing the location of the airports in an effort to claim that the convenience and availability of the parties and witnesses favor the Eastern District is absurd, as the Court can take judicial notice of the fact that LaGuardia Airport and John F. Kennedy Airport are significantly closer to the Southern District than the Eastern District's Central Islip Courthouse.

2. **Plaintiff Fails to Rebut Defendant's Arguments in Support of Defendant's Motion to Transfer**

Rather than provide case law to support Plaintiff's claims, Plaintiff misstates Defendant's arguments. For example, Plaintiff claims that Defendant's motion to transfer is "made solely for [Defendant's] convenience and offers no justifiable reason to transfer venue."

Pl. Opp., pg. 2. Plaintiff adds that "Defendant's motion is based on the idea that Plaintiff Ahmed does not have the right to bring his own lawsuit against his former employer and that he should be judged based on the discovery practices and knowledge brought to the attention of the Court by another attorney and Plaintiff against a different store brand." Pl. Opp., pg. 2. These claims misstate Defendant's position.

Defendant moves to transfer the case to prevent The TJX Companies, Inc. from defending nearly identical claims based on almost identical facts and circumstances in two separate forums. Plaintiff has failed to identify how he would suffer prejudice or hardship if the Court transferred this matter the relatively short distance from Long Island to Manhattan. *Fairfax Dental, Ltd. v. S.J. Filhol, Ltd.*, 645 F. Supp. 89, 92-93 (E.D.N.Y. 1986) (granting a transfer from the Eastern District to the Southern District of New York, in part, because the opposing party "pointed to no prejudice that [would] result if the case is transferred"). Defendant also moves to transfer because it would effectuate the purpose of 28 U.S.C. § 1404(a) by promoting the interests of justice, trial efficiency and conservation of precious judicial resources. In moving to transfer, Defendant recognizes that Plaintiff maintains the right to bring his own lawsuit and engage in discovery. Transferring this case to the Southern District would not adversely affect these rights, nor inconvenience Plaintiff, in any manner. *See Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 U.S. Dist. LEXIS 6470, at *9 (S.D.N.Y. Feb. 21, 2006) ("Given the proximity of the courts in the Southern and Eastern Districts of New York, the [factors under 28 U.S.C. § 1404(a)] do not pose an obstacle to transferring this action to the Eastern District."); *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004) (granting a transfer from the Eastern District to the Southern District of

Case 2:10-cv-03609-ADS-ETB Document 8 Filed 11/01/10 Page 6 of 8

New York, where a related case was pending, because the "only factor relevant to the section 1404(a) analysis [was] judicial economy").

Plaintiff also wrongly claims that Defendant's motion seeks "an expansion of the law under § 1404 to include situations where [Defendant] would prefer to have a judge with whom they are familiar to preside over their case." Pl. Opp., pg. 3. Plaintiff further claims that "[Defendant] simply want[s] the same judges that they are presently dealing with," Pl. Opp., pg. 5, and, "[i]f granted, [it] would permit parties to individually select which Judges they deem to be more supportive of their side than others." Pl. Opp., pg. 8. These claims are patently untrue. Far from expanding 28 U.S.C § 1404(a), Defendant seeks to transfer venue under that statute for the very reason the statute was implemented: to further the interests of justice. *See In re Collins & Aikman Corp. Securities Litigation*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006).

Contrary to Plaintiff's assertion, Judge Preska and Magistrate Judge Gorenstein are not "more supportive of [Defendant's] side than others," and any such claim improperly impugns their integrity and impartiality. Plaintiff points to no facts to support such an outlandish claim.

Plaintiff also improperly distorts Defendant's arguments in an effort to make Defendant's supporting case law seem inapplicable. Plaintiff states that "[t]heir caselaw [sic] on [the proposition that the transfer would 'promote the interests of justice and judicial efficiency'] is *truly* unrelated to the case at bar and is easily distinguishable as none of these cases involve different plaintiffs being ordered to litigate two different lawsuits in the same District *because the Defendants thought it more convenient.*" Pl. Opp., pg. 4 (emphasis added). Defendant never represented that the basis for the transfer is that it would be more convenient to Defendant. Instead, Defendant cited the allegedly "unrelated" and "easily distinguishable" cases for the

proposition that the existence of a related case in a transferee court is a strong factor supporting a

transfer. *Id.*; Def. Memo., pgs. 5-6.

**3.  Plaintiff Fails to Distinguish the Cases Defendant Relied Upon in Support of the Motion to Transfer**

In addition to distorting Defendant's arguments, Plaintiff also improperly seeks to distinguish the cases cited by Defendant by 1) focusing on issues that are entirely irrelevant to the proposition for which the cases were cited or 2) misinterpreting the facts and holdings of the cases. For example, Plaintiff's Opposition analyzes the United State's Supreme Court's decision in *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960). The Opposition prefaces this analysis by stating that Defendant cited an "inapplicable" case as support. Pl. Opp., pg. 4. Plaintiff's Opposition overlooks entirely that Defendant cited *Continental Grain Co.* because it sets forth the purpose of 28 U.S.C. § 1404(a). *See* Def. Memo., pg. 6. Plaintiff surely cannot deny that the purpose of 28 U.S.C. § 1404(a), as stated by the Supreme Court, is to prevent the "wastefulness of time, energy and money." Nonetheless, Plaintiff's Opposition alleges that this purpose is somehow inapplicable to the instant case. This type of flawed argument pervades Plaintiff's Opposition.

Similarly, Plaintiff claims that "Defendants [sic] cite [to *Citicorp Leasing, Inc. v. United Am Funding, Inc.*, 03 Civ. 1586 (WHP) 2004, U.S. Dist. LEXIS 739, at *19 (S.D.N.Y. 2004)] stands for the opposite proposition that they are asserting." Pl. Opp., pg. 5. Defendant cited *Citicorp Leasing* for the proposition that a "related action in a transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative." Def. Memo., pg. 6. The case explicitly supports this proposition. *See Citicorp Leasing, Inc. v. United Am Funding, Inc.*, 03 Civ. 1586 (WHP), 2004 U.S. Dist. LEXIS 739, at *18-19. Plaintiff apparently contends that *Citicorp Leasing* stands for the opposite proposition because the court in that case

did not ultimately grant the motion to transfer. *Id.* at *20. In *Citicorp Leasing*, however, the defendant sought to transfer the case to another venue even though a related case was pending in the same court. *Id.* at *19. The court followed the above cited proposition and correctly denied the motion to transfer. *Id.* at *19-20. Thus, contrary to Plaintiff's assertion, Defendant's citation to *Citicorp Leasing* fully supports the proposition for which it was cited.

## III. CONCLUSION

Plaintiff's Opposition does not provide any tenable basis to deny the Defendant's motion. It remains undisputed – under the relevant standards – that the interests of justice weigh heavily in favor of transfer. Accordingly, for the reasons set forth above and in Defendant's initial Memorandum of Law, Defendant respectfully requests that its motion to transfer this case to the Southern District of New York be granted.

Date: November 1, 2010
Melville, New York

LITTLER MENDELSON, P.C.

By: _____
John T. Bauer
290 Broadhollow Road, Suite 305
Melville, New York 11747
jbauer@littler.com
(631) 247 – 4701

Attorneys for Defendant
THE TJX COMPANIES, INC.

Firmwide:98358815 053070.1058