UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
MOHAMMED M. AHMED,

                                Plaintiff,                MEMORANDUM
                                                           OPINION AND ORDER

           -against-                                   CV 10-3609 (ADS)(ETB)

T.J. MAXX CORP. and TJX COMPANIES, INC.,

                                Defendants.
----------------------------------------------------------------------------X

      Before the court is the plaintiffs' motion to conditionally authorize a collective action, pursuant to Section 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiffs also request authorization to circulate a Notice of Lawsuit and Consent to Join Lawsuit form to similarly situated individuals. Defendants oppose plaintiffs' motion on the grounds that plaintiff Ahmed never "commenced" a collective action within the meaning of 29 U.S.C. § 256, and furthermore has failed to make the requisite factual showing to support certification of a nationwide class. For the following reasons, plaintiffs' motion is granted, subject to the limitations discussed below.

FACTS

      Plaintiff Mohammed Ahmed ("Ahmed") and would-be opt-in plaintiff Andrea Casale ("Casale")[1] (collectively, "plaintiffs") are former employees of defendants T.J. Maxx Corp. and

---

[1] The Court notes that Ms. Casale's claim is potentially barred by the relevant statute of limitations, but nevertheless takes her testimony into account to the extent that it corroborates the lead plaintiff's claims. Rosario v. Valentine Ave. Discount Store, Co., Inc., 828 F.Supp.2d 508,

-1-

TJX Companies, Inc. (collectively "TJ Maxx" or "defendants"). (Complaint at ¶ 31; Affidavit of Andrea Casale, Exhibit 5 to Affirmation of Robert J. Valli Jr. in Support of Plaintiff's Motion for Conditional Certification (hereinafter "Casale Affidavit") at ¶¶ 2-7.) Plaintiffs were employed by defendants as Assistant Managers ("ASMs") in several of defendants' stores. (Id.) Ahmed worked for defendants as an ASM from in or around October 17, 2008 through July 1, 2010, and Casale worked for defendants as an ASM from in or around July of 2007 until October 31, 2008. (Complaint at ¶ 31; Casale Affidavit at ¶¶ 7, 24.)

Plaintiffs allege that, although they were classified as exempt managers for payroll purposes, they spent the majority of their time engaged in work that was traditionally required of and performed by non-exempt hourly employees and was unrelated to the management of the store. (Complaint at ¶ 34; Casale Affidavit at ¶¶ 13, 23.) Plaintiffs allege that defendants failed to pay overtime for work performed in excess of 40 hours per week, in spite of the fact that they were engaged in non-exempt work. (Complaint at ¶¶ 35-37, 42; Casale Affidavit at ¶¶ 11, 24.) Plaintiffs further allege that this denial of overtime was part of an ongoing effort by defendants to limit labor budgets for hourly workers by requiring ASMs to fulfill these workers' duties, rather than hiring additional hourly workers or paying existing hourly workers overtime. (Complaint at ¶¶ 44, 47.) Plaintiffs maintain that other similarly situated employees not only in Long Island, but in other states, have been erroneously classified and unlawfully denied

---

516 (E.D.N.Y. 2011) (hereinafter "Rosario I") ("Affidavits of workers whose employment falls outside the statutory period are 'probative of employer's wage and hour practices and they may corroborate the claims of more recent violations.'") (quoting Lujan v. Cabana Mgm't, Inc., No. 10 Civ. 755, 2011 U.S. Dist. LEXIS 9542, at *20 (E.D.N.Y. Feb. 1, 2011)). To the extent that plaintiffs' counsel suggests that Ms. Casale's claims may be subject to equitable tolling, the Court declines to address this issue at this stage of the litigation.

overtimecompensation as well. (Id.)

Plaintiffs bring this action pursuant to the FLSA, alleging that defendants' failure to pay them for their overtime hours violates Section 207 of that Act. Plaintiffs now seek conditional authorization to proceed as a collective action, pursuant to FLSA § 216, as well as permission to circulate the proposed Notice of FLSA Lawsuit and Consent to Join Collective Action form (together, the "Notice") to former and current employees nationwide who worked for defendants as Assistant Managers from August 2007 to the present so that such similarly situated employees may be apprised of the within action and opt to join the litigation, if they so choose.

## DISCUSSION

I.  Commencing a Collective Action

Defendants maintain, as an initial matter, that Ahmed's case cannot proceed as a collective action because Ahmed himself has not filed a consent form as required by section 216(b) of the FLSA. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification, hereinafter "Def. Mem. of Law in Opp'n", at 19.) It is defendant's position that the FLSA requires a plaintiff - even a named plaintiff - to opt-in to his or her own action in order to proceed as a collective action. (Id.)

Although the cases upon which defendants rely provide that all plaintiffs must affirmatively opt in to a suit in order to proceed as part of a collective action, see, e.g. Gonzalez v. El Acajutla Restaurant, Inc., No. 04 Civ. 1513, 2007 U.S. Dist. LEXIS 19690, at *14-15 (E.D.N.Y. Mar. 20, 2007), courts in this Circuit have held that the FLSA itself does not require such written consent in order for a plaintiff to file a motion for conditional certification, see, e.g.

Aros v. United Rentals, Inc., 269 F.R.D. 176, 181 (D. Conn. 2010) ("The court concludes that denying the Motion for Conditional Certification...would undermine the FLSA's broad remedial purpose"). Moreover, "[t]he purpose of this consent requirement... is to put the Defendants on notice, which many courts have noted is somewhat redundant with regard to named plaintiffs," particularly when the named plaintiff has submitted sworn affidavits to the court, participated in depositions, and otherwise taken necessary action to pursue his claims and demonstrate that he "intends to participate in the lawsuit." D'Antuono v. C&G of Groton, Inc., No. 11 Civ. 33, 2012 U.S. Dist. LEXIS 49788, at *6-7, 10-11 (D.Conn. Apr. 9, 2012).

Given that defendants expressly acknowledged, in their answer, that Ahmed purports to bring this action "pursuant to FLSA, 20 U.S.C.s. 216(b), on behalf of 'Assistant Mangers' employed in T.J. Maxx stores" (see Answer at ¶ 8), it cannot be said that defendants lacked notice of Ahmed's consent, nor can it be said that defendants were unaware of Ahmed's intent to pursue his claims as part of a collective action, particularly as Ahmed has already participated in a deposition and has submitted an affidavit in support of the instant motion. Consequently, while the form of Ahmed's consent may not have strictly adhered to the preferred standard in FLSA collective actions, the substance of Ahmed's complaint and his conduct throughout the discovery process was sufficient to satisfy the purpose of the written consent requirement. Furthermore, since defendants first raised this issue, Ahmed has filed a formal written consent with the Court. At this point, Ahmed is in compliance with not only the spirit, but also the letter of the written consent requirement. Thus, this Court finds that defendants had sufficient notice of Ahmed's intent to proceed with a collective action, and this Court will therefore consider Ahmed's request for conditional certification as a collective action on its merits.

II.     Conditional Certification

Pursuant to section 216(b) of the FLSA, plaintiffs have a private right of action to recover unpaid overtime compensation "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, an employee can only become a party to such action if he or she opts in to the action by providing consent, in writing, and filing such consent in the court where the action is pending. See id.; see also Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so."). Courts have discretion to authorize sending notice to potential plaintiffs in a collective action in order to facilitate this opt-in process. See Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citation omitted).

The "threshold issue" in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that the potential class members are "similarly situated." Patton, 364 F. Supp. 2d at 266-67 (citing Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); see also Sobczak, 540 F. Supp. 2d at 362 (citing cases). Courts have interpreted this to require plaintiffs to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Sobczak, 540 F. Supp. 2d at 362 (quoting Hoffmann, 982 F. Supp. at 261) (additional citations omitted); see also Patton, 364 F. Supp. 2d at 267. "This burden 'is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly situated.'" Patton, 364 F. Supp. 2d at 267 (quoting Hoffmann, 982 F. Supp. at 261; see also Sobczak, 540 F. Supp. 2d at 362 (stating that "[t]he burden at this initial stage is minimal"). A

named plaintiff is not required to show "an actual FLSA violation" at this stage, but rather only that "a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak, 540 F. Supp. 2d at 362 (quoting Wraga v. Marble Lite Inc., No. 05 Civ. 5038, 2006 U.S. Dist. LEXIS 60457, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); see also Rosario I, 828 F.Supp.2d at 514 ("[P]laintiffs need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the [FLSA]") (internal quotations omitted) (alteration in original).

        A)      <u>Potential Plaintiffs Reside in More Than One State</u>

Defendants assert that the sworn statements offered by plaintiffs in support of this motion are insufficient to establish the required factual nexus because they do not reflect TJ Maxx's official national policies. Defendants maintain that the evidence presented by plaintiffs does not support the certification of a nationwide class, inclusive of thousands of employees and affecting hundreds of stores. In support of their position, defendants rely on several decisions rendered in the Eastern and Southern Districts of New York, in which collective action certification was denied to plaintiffs making similar allegations to those made here. See Jenkins v. The TJX Cos., Inc., 853 F.Supp.2d 317 (E.D.N.Y. 2012); Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469 (S.D.N.Y. 2010) ("Guillen I"); Guillen v. Marshalls of MA, Inc., 841 F.Supp.2d 797 (S.D.N.Y. 2012) ("Guillen II").

This Court finds that plaintiffs' position is factually distinguishable from those in the referenced cases, and that, on the factual record before this Court, conditional collective action certification is appropriate. In cases such as Guillen I and II, the decision not to certify the

proposed class rested on the fact that the named plaintiffs in those actions provided supporting affidavits only from other potential plaintiffs working in the same geographical area. See, e.g. Guillen I, 750 F.Supp.2d at 472 (noting that supporting affidavits came exclusively from employees working in the New York City metropolitan area and denying certification motion); Guillen II (same). In contrast, where named plaintiffs have been able to provide supporting statements from potential plaintiffs working outside of the named plaintiff's geographic area, collective action certification has generally been granted. See, e.g. Ravenell v. Avis Budget Car Rental, LLC, No. 08 Civ. 2113, 2010 U.S. Dist. LEXIS 72563, at *3 (E.D.N.Y. Jul. 19, 2010) (holding that nationwide collective action certification was appropriate where supporting affidavits came from potential plaintiffs located in Queens, New York and in Washington, D.C.); Stevens v. HMSHost Corp., No. 10 Civ. 3571, 2012 U.S. Dist. LEXIS 146150, at *10 (E.D.N.Y. Oct. 10. 2012) (certifying a nationwide collective action where supporting affidavits came from potential plaintiffs in New York, Minneapolis, Milwaukee, and Orlando).

Here, as in Ravenell and Stevens (as distinguished from Guillen I and II), plaintiffs offer sworn testimony from employees based in more than one state. See, e.g. Exhibit 4 to Affirmation of Robert J. Valli, Jr. in Support of Plaintiff's Motion for Conditional Certification (hereinafter "Valli Affirmation") (providing deposition testimony of Joseph Paparatto, ASM in Connecticut, corroborating Ahmed's allegations regarding defendants' expectations for ASMs); Casale Affidavit at ¶ 11-12 (identifying multiple stores in New York in which Casale worked as an ASM).

B) All ASMs Are Subject to National Policies

Additionally, defendants maintain that nationwide collective action certification is not appropriate in situations where, although all employees of a certain classification are bound by nationwide store policies, the policies themselves are not being challenged as noncompliant with the FLSA. They argue that the presence of national policies, without some evidence that the policies themselves violate the FLSA, is insufficient to support certification of a nationwide class. This is not supported by case law. See Harrington v. Education Mgm't Corp., No. 02 Civ. 787, 2002 U.S. Dist. LEXIS 8823, at *6 (S.D.N.Y. May 17, 2012) (granting nationwide certification where "the defendants via their counsel represented that all assistant directors at the defendants' locations across the country were doing the same work and had substantially the same duties," even though official policies were not, on their face, in violation of FLSA); Holbrook v. Smith & Hawken, Ltd., 246 F.R.D. 103, 106 (D. Conn. 2007) (granting nationwide certification where, although stated policies were not, as written, in violation of FLSA, defendant "admits that all ASMs were subject to the same job description and function"; also noting "[t]he consistent manner in which [defendant] classified its own ASMs is sufficient to carry [plaintiff's] burden"). Like the plaintiffs in Harrington and Holbrook, plaintiffs here also show (and defendants do not dispute) that defendants apply the same job description, policies, and responsibilities to all employees classified as ASMs on a national scale. See Exhibit 14 to Valli Affirmation, Deposition of Jennifer Brady, at 26:16-27:10, 28-36, 107:17-18, 137:24-138:4.

Based on the foregoing, the Court finds that plaintiffs have satisfied their modest burden of demonstrating that the class of potential plaintiffs is similarly situated, and therefore orders the conditional certification of a collective action on behalf of all ASMs employed by TJ Maxx

from August of 2007 through the present.

II.     Plaintiffs' Proposed Methodology for Facilitating Notice

Plaintiffs have requested that their proposed Notice be distributed by plaintiffs' attorneys via mail and electronic mail, and that it be posted in all of defendants' business locations. Defendants object to this request, and ask that it be distributed by a neutral third-party administrator, with expenses paid for by defendants. In support of this request, defendants rely solely upon J.S. v. Attica Central Schools, No. 00 Civ. 513S, 2006 U.S. Dist. LEXIS 12827, at *21-22 (W.D.N.Y. Mar. 7, 2006); however, insofar as J.S. is concerned with the certification of a class pursuant to the Individuals with Disabilities Education Act, rather than conditional collective action certification pursuant to the FLSA, it is inapposite to the present proceedings. In point of fact, "[t]he bulk of the district courts in this Circuit do not impose" the requirement that a third-party administrator distribute collective action notices. Hernandez v. Merrill Lynch & Co., No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 49822, at *21-22 (S.D.N.Y. Apr. 6, 2012); see also Pippins v. KPMG LLP, No. 11 Civ. 377, 2012 U.S. Dist. LEXIS 949, at *42 (S.D.N.Y. Jan. 3, 2012) ("So long as Plaintiffs are prepared to assume the burden of issuing notice while engaged in... discovery, Plaintiffs are welcome to issue the notice."); Diaz v. Scores Holding Co., Inc., No. 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at *15 n. 2 (S.D.N.Y. May 9, 2008) ("There is no need for a third-party notice administrator"). This Court therefore denies defendants' request and holds that plaintiffs may distribute the Notice following its approval by the Court.

Defendants further request that potential plaintiffs receive notification of this collective

action by mail only, and not by e-mail or through posts at defendants' business locations. In support of this request, defendants allege that requiring defendants to post and e-mail notice of the claim is "unreasonable, unnecessary, and in violation of [defendants'] First Amendment right against compulsion to engage in speech with which it disagrees." Def. Mem. of Law in Opp'n at 30. This statement is contradicted by case law.

"Courts routinely approve requests to post notice [of conditional collective action certification] on employee bulletin boards and in other common areas, even where potential [class] members will also be notified by mail." Rosario I, 828 F.Supp.2d at 521 (quoting Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F.Supp.2d 445, 449 (S.D.N.Y. 2011); see also Moung Su Kim v. Kap Sang Kim, No. 10 Civ. 2515, 2010 U.S. Dist. LEXIS 72236, at *5 (E.D.N.Y. Jul. 19, 2010) (approving posting of collective action notice in defendant's place of business); Hernandez v. Immortal Rise, Inc., No. 11 Civ. 4360, 2012 U.S. Dist. LEXIS 136556, at *29 (E.D.N.Y. Sept. 24, 2012) (same). Posting a notice in defendants' place of business is a common requirement, which is not unduly burdensome and promotes efficient notification of potential plaintiffs. Enriquez v. Cherry Hill Market Corp., No. 10 Civ. 5616, 2012 U.S. Dist. LEXIS 17036, at *12 (E.D.N.Y. Feb. 10, 2012) ("Posting the notice is a reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants."). In this particular case, given the national scope of the certified class, the posting of the Notice at defendants' stores in an employee area where most ASMs are likely to see it would help ensure that notification reaches as many potential plaintiffs as possible, and creates no particular burden on defendants. Furthermore, defendants' assertion that requiring defendants to post a notice clearly identified as issuing from plaintiffs' counsel somehow violates defendants' First

Amendment rights is without merit and contradicts established precedent in this Circuit. See, e.g. Calderon v. King Umberto, Inc., No. 11 Civ. 6278, 2012 U.S. Dist. LEXIS 137391, at *21 (E.D.N.Y. Sept. 25, 2012) (authorizing posting of notice at defendants' places of business); Guzelgurgenli v. Prime Time Specials Inc., No. 11 Civ. 4549, 2012 U.S. Dist. LEXIS 113212, at *49 (E.D.N.Y. Aug. 8, 2012) (ordering defendants to post a notice of pendency at several of defendant's stores). Consequently, this Court orders that defendants be required to post the Notice in employee common areas following its approval by the Court.

III.     Plaintiffs' Request for Confidential Information About Potential Class Members

In order to facilitate the distribution of the Notice to potential class members, plaintiffs have requested that defendants provide them with potential plaintiffs' telephone numbers, employment dates, and current or last-known e-mail addresses, as well as dates of birth and social security numbers. Plaintiffs note that there is a confidentiality agreement in place to protect the exchange of this information, and have stated that they will abide by that agreement in the handling of this sensitive information. Defendants object to plaintiffs' request, and seek to limit disclosure to mailing addresses only.

Defendants' position is without merit. The production of potential plaintiffs' names, telephone numbers, and last known mailing addresses is routine. Sexton v. Franklin First Fin., Ltd., No. 08 Civ. 4950, 2009 U.S. Dist. LEXIS 50526, at *45-46 (E.D.N.Y. June 16, 2009) ("Courts often grant this kind of request [for plaintiffs' names, addresses, and telephone numbers] in connection with a conditional certification of an FLSA collective action"); see also Hernandez, 2012 U.S. Dist. LEXIS 49822, at *22 ("It is standard to provide the names, last

known addresses, and telephone numbers for the potential opt-in plaintiffs."). The provision of employment dates is also routinely ordered in order to assist plaintiffs in correctly identifying potential opt-in plaintiffs to whom notice should be sent. See, e.g. Rosario I, 828 F.Supp.2d at 522 ("The Court finds the disclosure of potential opt-in plaintiffs' names, last known addresses, telephone numbers, and dates of employment to be appropriate.") (emphasis added). [2]

The practice of requiring defendants to provide e-mail addresses of potential opt-in plaintiffs is also fairly well established in this Circuit. See, e.g. Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007) (ordering defendants to provide plaintiffs with last-known e-mail addresses of potential opt-in plaintiffs); Jacob v. Duane Reade, Inc., No. 11 Civ. 160, 2012 U.S. Dist. LEXIS 11053 (S.D.N.Y. Jan. 26, 2012) (same); Alonso v. Uncle Jack's Steakhouse, Inc., 648 F.Supp.2d 484, 490 (S.D.N.Y. 2009) (same). Moreoever, "the production of... known email addresses (business and personal) for class members would facilitate communications with potential class members." In re Deloitte & Touche, LLP Overtime Litigation, No. 11 Civ. 2461, 2012 U.S. Dist. LEXIS 12641, at *5-6 (S.D.N.Y. Jan. 17, 2012). Additionally, "given the reality of communications today, ... the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate." Pippins, 2012 U.S. Dist. LEXIS 949 at *41. Consequently, defendants are ordered to produce the e-mail addresses of potential opt-in plaintiffs to plaintiffs along with the potential plaintiffs' names, telephone numbers, last known mailing addresses, and dates of employment.

Generally speaking, the discovery of potential opt-in plaintiffs' dates of birth and social

---

[2] Plaintiffs' request for "alternate addresses" is denied on the grounds that such information is unnecessary at this time. Rosario I, 828 F.Supp.2d at 522 n. 14.

security numbers is not permitted unless "Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice...[or] the plaintiffs agreed to execute a confidentiality agreement." Whitehorn, 767 F.Supp.2d at 448 (internal citations omitted); see also Moung Su Kim, 2010 U.S. Dist. LEXIS 72236, at *6-7 ("I decline to order the defendant to produce the Social Security numbers for [potential plaintiffs], without prejudice to any renewed request for such information on a showing of need"); Rosario v. Valentine Ave. Discount Store, Co., Inc., No. 10 Civ. 5255, 2012 U.S. Dist. LEXIS 38661, at *3-4 (E.D.N.Y. Mar. 21, 2012) (hereinafter "Rosario II") (declining to order defendants to reveal social security numbers of potential opt-in plaintiffs where plaintiffs failed to demonstrate that such information was necessary to facilitate notification of potential plaintiffs); Fang v. Zhuang, No. 10 Civ. 1290, 2010 U.S. Dist. LEXIS 133618, at *12 (E.D.N.Y. Dec. 1, 2010) (requiring production of social security numbers of potential plaintiffs subject to the execution of a confidentiality agreement). Although plaintiffs have stated both that they are willing to execute a confidentiality agreement and that they will only use social security numbers and dates of birth to locate a potential opt-in plaintiff in the event that the potential opt-in plaintiff's mailed notice is returned to plaintiffs as undeliverable, this Court finds that plaintiffs' request for this information is premature and poses unnecessary risk to potential opt-in plaintiffs' privacy interests. The holding in Rosario I is particularly applicable here:

> In light of the privacy concerns regarding employees' dates of birth and social security numbers, the production of such information is unnecessary at this juncture. If plaintiff is unable to effectuate notice on some potential opt-in plaintiffs with the information that is produced, plaintiff may renew his application for additional information regarding those specific employees.

Id., 878 F.Supp.2d at 522.

Accordingly the Court will not compel defendants to provide such information at this time.

In sum, the Court finds plaintiffs' request for potential opt-in plaintiffs' names, telephone numbers, dates of employment, and last known addresses to be reasonable, and orders defendants to produce the same. The Court also finds that the request for potential opt-in plaintiffs' e-mail addresses is not unreasonable or unduly burdensome, and orders that defendants provide this information as well. With regard to the plaintiffs' request for potential opt-in plaintiffs' dates of birth and social security numbers, the Court denies the request without prejudice to renewal at a later date if such information proves necessary to trace potential plaintiffs for whom attempted notification by mail and e-mail fails.

III.     Plaintiffs' Proposed Notice

The FLSA vests the district court with broad discretion with respect to the content of the Notice of Pendency to be provided to potential class members. See Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 55 (S.D.N.Y. 2009). "Courts consider the overarching policies of the collective suit provisions' and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." Delaney, 261 F.R.D. at 55 (quoting Fasanelli, 516 F. Supp. 2d at 322) (alteration in original).

Plaintiffs have provided the Court with a proposed Notice of Pendency of FLSA Lawsuit and Consent to Join Collective Action form. Defendants have raised no objections to the content of the Notice, but have requested the opportunity to "reconvene to address the content, method

and scope of notice" as provided for in the March 23, 2012 Order of Judge Spatt ("the March 23 Order"). Given the language of the March 23 Order, this Court orders the parties to meet and confer regarding the contents of the Notice, and to provide the Court with a mutually agreeable Notice of Pendency of FLSA Lawsuit and Consent to Join Collective Action form within fourteen (14) days of the date of this Order.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional authorization to proceed as a collective action is granted. Defendants are ordered to provide plaintiffs with a list of potential opt-in plaintiffs' names, telephone numbers, last known addresses, dates of employment, and e-mail addresses within fourteen (14) days of the date of this Order. The parties are ordered to submit a revised Proposed Notice of Pendency of FLSA Lawsuit and Consent to Join Collective Action form within fourteen (14) days of the date of this Order. Pending the Court's approval of the proposed Notice, plaintiffs are authorized to circulate the Notice via electronic and regular mail to all assistant store managers who have been employed by defendants in all states except California since August 5, 2007, and to post the Notice at defendants' business locations.

**SO ORDERED:**

Dated: Central Islip, New York
       November 14, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge